IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| ANTONIO KEITH BANZANT, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 13-2795-STA-dkv |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

---

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
DENYING CERTIFICATE OF APPEALABILITY
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

---

Before the Court is a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion") filed by Petitioner Antonio Keith Banzant ("Banzant"), Bureau of Prisons register number 22794-076, an inmate at USP Coleman in Coleman, Florida (§ 2255 Motion, ECF No. 1.)[1] For the reasons stated below, Banzant's § 2255 Motion is **DENIED**.

BACKGROUND

I.  Criminal Case Number 09-20066

On February 24, 2009, a federal grand jury sitting in the Western District of Tennessee returned an indictment against Banzant, charging him with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (*See* Indictment, *United States v.*

1

*Antonio Keith Banzant*, 2:09-cr-20066-SHM (W.D. Tenn.), ECF No. 1.) Banzant initially entered a plea of not guilty. Thereafter, pursuant to an agreement with the United States, Banzant changed his plea to guilty at a change of plea hearing on September 16, 2010. On March 1, 2011, the Court sentenced Banzant to a term of imprisonment of 120 months to be followed by three years' supervised release and imposed a special assessment of $100. The Court entered its judgment on March 9, 2011. (*See* Judgment, ECF No. 63.) Banzant did not take a direct appeal.

B. **Civil Case Number 13-2795**

On October 9, 2013, Banzant filed his *pro se* § 2255 Motion, alleging ineffective assistance of counsel. Banzant argues four grounds of ineffective assistance: (1) his attorney's failure to challenge an arrest made by local police officers (and after a high-speed chase) to charge Banzant with an offense under federal law or raise self-defense as a cause of Banzant's flight from the police, (2) his attorney's failure to advise him about his possible sentencing exposure or argue mitigating factors at sentencing, (3) his attorney's failure to file pretrial discovery motions seeking exculpatory evidence, to wit, a police car dash cam recording, and (4) counsel's failure to file a motion to suppress the firearm. Banzant filed his § 2255 Motion using a form application. Under the section prompting a petitioner to address the timeliness of the petition, Banzant stated that he could not meet the filing deadline due to lockdowns at his initial facility, his transfer to a second facility and lockdowns at that location, and trial counsel's failure to provide him with evidence.

---

[1] According to the BOP inmate locator, Banzant is currently housed at FCI Memphis in Memphis, Tennessee. The Clerk is directed to update Banzant's mailing address on the docket and mail him a copy of this order at FCI Memphis.

On October 21, 2013, Banzant filed a motion to show cause why the one-year statute of limitations should be tolled. Banzant concedes that he filed his § 2255 Motion outside of the one-year statute of limitations. Banzant asserts that his late filing was the result of official interference on the part of the Bureau of Prisons. Banzant explains that he served the first 15 months of his sentence at USP Pollock in Pollock, Louisiana, during a time when the facility was subject to a number of lockdowns. According to Banzant, he did not have access to the law library for nine out of the 15 months he served at USP Pollock. Banzant was later transferred to his USP Coleman facility where lockdowns were also common and caused by disputes among the prison officials themselves. Banzant argues that these circumstances justify equitable tolling of the one-year statute of limitations. Banzant specifically claims that the lockdowns served no penalogical purpose and only occurred to interfere with his rights to access the law library and prepare his court filings. Banzant further claims that prison officials destroy inmate mail during lockdowns. In this case Banzant states that he wrote to the Clerk of Court twice to obtain the official form for his § 2255 Motion but never had a response to his inquiries. Finally, Banzant contends that the statute of limitation under 28 U.S.C. § 2255(f) is unconstitutional because it does not afford a movant sufficient time to prepare and file a motion to vacate a sentence.

As an exhibit to his motion to show cause, Banzant submitted a declaration, attesting more facts to support his request for equitable tolling. Banzant's declaration restates his claims about lockdowns at the two facilities where he was assigned and his attempts to write to the Clerk of Court. Banzant further states that he was waiting for a response from his attorney seeking production of evidence relevant to Banzant's claims. Banzant adds that he has an intelligence quotient of less than 70 and was unable to detect his trial counsel's ineffectiveness

until "Mr. Potts" had reviewed his case. Banzant was also denied assistance from the wardens and other prison officials at his two facilities.

On September 23, 2014, the Court denied Banzant's motion to show cause and ordered the United States to respond to the timeliness issue of Banzant's § 2255 Motion (ECF No. 5). The Court also advised Banzant of his right to file a reply to the government's response, if he chose to do so. The government filed its response to Banzant's Motion on February 28, 2014. (Answer, ECF No. 7.) The certificate of service reflects that a copy of the government's response was mailed to Banzant at his address of record. (*Id*. at 5.) Banzant did not file a reply, and the time for doing so has now passed.

In its response, the government argues that Banzant's § 2255 Motion is untimely. Banzant's grounds for equitable tolling are not at all unique. Banzant has not demonstrated why cause exists to equitably toll the statute of limitations because of his difficulties in obtaining evidence or conducting legal research. The Court should dismiss the § 2255 Motion for this reason alone. On the merits, Banzant has failed to show that he is entitled to relief. The presentence report contained the facts about the circumstances of Banzant's arrest. The facts supporting the arrest were known to all of the parties, and the case law justifying the police action is clear and unambiguous. The government argues then that it was not objectively unreasonable for counsel to decide not to file a motion to suppress the evidence or challenge the arrest. The record also belies Banzant's claim that counsel did not raise the mitigation evidence described in the § 2255 Motion. Counsel filed a position paper before sentencing and argued, just as Banzant does now, that Banzant fled from the police for fear of his life. Banzant cannot show then that counsel rendered ineffective assistance when counsel made the same argument at

4

sentencing that Banzant now argues counsel should have made. For these reasons, the United States argues the Court should dismiss the § 2255 Motion.

## STANDARD OF REVIEW

Banzant seeks habeas relief in this case pursuant to 28 U.S.C. § 2255(a). The statute reads as follows:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."[2] A § 2255 motion is not a substitute for a direct appeal.[3] "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings."[4] "Defendants must assert their claims in the ordinary course of trial and direct appeal."[5] The rule, however, is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare

---

[2] *McPhearson v. United States*, 675 F.3d 553, 558-59 (6th Cir. 2012) (internal quotation marks omitted).

[3] *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013); *see also Sunal v. Lange*, 332 U.S. 174, 178 (1947).

[4] *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976).

[5] *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.[6]

Procedural default bars even constitutional claims that a defendant could have raised on direct appeal, but did not, unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise the issues previously.[7] Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating his "actual innocence."[8]

Dismissal of a § 2255 motion is mandatory if the motion, exhibits, and the record of prior proceedings show that the petitioner is not entitled to relief.[9] If the habeas court does not dismiss the motion, the court must order the United States to file its "answer, motion, or other response within a fixed time, or take other action the judge may order."[10] The petitioner is then entitled to reply to the government's response.[11] The habeas court may also direct the parties to provide

---

[6] *Id.*

[7] *See El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3dd 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors).

[8] *Bousley v. United States*, 523 U.S. 614, 662 (1998); *Vanwinkle v. United States*, 645 F.3d 365, 369-70 (6th Cir. 2011).

[9] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules").

[10] *Id*.

[11] Rule 5(d), Section 2255 Rules.

additional information relating to the motion.[12]  The petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence.[13]

## ANALYSIS

**I. Statute of Limitations**

"A motion filed pursuant to 28 U.S.C. § 2255 is subject to a one-year statute of limitations, with the limitations period beginning to run from the latest of four possible dates."[14]

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[15]

In this case, § 2255(f)(1) applies, and the statute of limitations for Banzant's collateral attack began to run from the date on which the judgment of conviction became final. "A conviction becomes final when the time for direct appeal expires and no appeal has been filed."[16]  Federal Rule of Appellate Procedure 4(b) governs the time for appealing a judgment in a criminal case and grants a defendant 14 days from the entry of judgment in which to file a notice of appeal.[17]

---

[12] Rule 7, Section 2255 Rules.

[13] *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

[14] *Jefferson v. United States*, 730 F.3d 537, 544 (6th Cir. 2013) (quoting *Benitez v. United States,* 521 F.3d 625, 629 (6th Cir. 2008)).

[15] 28 U.S.C. § 2255(f); *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013).

[16] *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013).

[17] Fed. R. App. P. 4(b)(1)(A)(i).

The Court entered judgment on March 9, 2011, and Banzant did not take a direct appeal. The Court's judgment against Banzant became final 14 days later on or about March 24, 2011. Assuming then that the one-year statute of limitations began to run from that date, Banzant's § 2255 Motion is untimely. The statute of limitations on Banzant's § 2255 expired on March 24, 2012. Banzant filed his § 2255 Motion on October 9, 2013, more than 19 months after the limitations period had run. On its face, Banzant's § 2255 Motion is time-barred unless Banzant can establish an entitlement to equitable tolling.

## II. Equitable Tolling

Banzant argues that for a variety of reasons, the Court should equitably toll the statute of limitations in this case. "[E]quitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."[18] The statute of limitations for motions under § 2255 is subject to equitable tolling.[19] A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[20] "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis with the petitioner retaining the ultimate burden of persuading the court that he or she is entitled to equitable tolling."[21] Banzant has raised a number of issues in support of his plea for equitable tolling, none of which the Court finds convincing. Even accepting Banzant's statements as true, the Court finds that Banzant has not shown extraordinary

---

[18] *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted).

[19] *Jefferson*, 730 F.3d at 549.

[20] *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

[21] *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012).

circumstances to warrant equitable tolling or how he pursued his § 2255 claims with reasonable diligence.

Banzant primarily argues that he has served his sentence at two different facilities and that each facility has periodically been on lockdown, preventing Banzant from having access to the law library, jailhouse counsel, and the prison mail system. According to Banzant, he was housed at USP Pollock until July 2012. However, the statute of limitations for the § 2255 Motion expired on or around March 24, 2012. Any obstacles Banzant faced after March 2012 are mostly irrelevant to whether Banzant acted diligently to meeting the deadline at times before March 2012. The Court's analysis is therefore focused on what circumstances Banzant confronted during the limitations period and how Banzant acted with reasonable diligence to pursue his rights. With respect to lockdowns and access to legal materials, Banzant asserts that USP Pollock was on lockdown for nine out of the 15 months in which he was housed there. But nothing in Banzant's submissions address how many times USP Pollock was on lock-down during the limitations period or how long each lockdown period lasted. Perhaps more importantly, Banzant has not indicated what steps he took during periods when USP Pollock was not on lockdown to prepare his § 2255 Motion, though Banzant's declaration can be liberally construed to state that he attempted to correspond with the Clerk of Court one time while he was at Pollock and believes that his mail to the Court was misdirected during a lockdown.

Even accepting as true the fact that Plaintiff's ability to file his § 2255 Motion was limited and he was denied access to the law library during periods of lockdown at USP Pollock, most courts have concluded that prison lockdowns and the resulting denial of access to legal materials do not amount to extraordinary circumstances supporting equitable tolling.[22] Indeed in

---

[22] *Id.*; *see also United States v. Williams,* 219 F. App'x 778 (10th Cir. 2007) (holding that none of the reasons federal prisoner cited for filing untimely petition for *habeas* relief from drug trafficking conviction, including lock-down status of prison, constituted extraordinary

the normal course of incarceration, "most prisoners are subject to some limitation on their access to a law library and legal materials."[23] The Court is troubled by Banzant's claim that prison officials interfered with his mail. However, Banzant has not shown that the alleged acts of interference occurred during the actual filing period or that the inference somehow prevented him from meeting the one-year statute of limitations. The Court concludes then that none of the circumstances described by Banzant were so extraordinary that equitable tolling should apply in his case.

Banzant next asserts that his own intellectual limitations affected his ability to understand the trial proceedings and perhaps recognize when trial counsel's performance was deficient. The Sixth Circuit has held that mental incompetence may be grounds for equitable tolling, though "a blanket assertion of mental incompetence is insufficient to toll the statute of limitations."[24] "To

---

circumstances beyond prisoner's control warranting equitable tolling of limitations period for filing *habeas* petition); *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000); *Allen v. Johnson,* 602 F.Supp.2d 724, 728 (E.D. Va. 2009) (transfer to different correctional facilities, a facility lockdown, and lack of access to a notary not enough for equitable tolling); *Corrigan v. Barbery,* 371 F.Supp.2d 325, 330 (W.D.N.Y. 2005) ( "In general, the difficulties attendant on prison life such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances."); *Rosati v. Kernan,* 417 F.Supp.2d 1128, 1132 (C.D. Cal. 2006) ("[P]etitioner's complaints about limited access to the law library and legal materials at various state prisons and occasional prison lockdowns do not warrant equitable tolling since petitioner has not shown any causal connection between these events and his failure to timely file his habeas corpus petition."); *United States ex rel. Ford v. Page,* 132 F.Supp.2d 1112, 1116 (N.D. Ill. 2001) ("[T]hat a prison was sometimes on lock-down, preventing access to the prison law library, does not establish 'extraordinary circumstances' justifying equitable tolling.").

[23] *Sherwood v. Barbee*, No. 3:12–cv–0926, 2013 WL 5447595 (M.D. Tenn. Sept. 30, 2013); see also *United States v. Stone*, 68 F. App'x 563, 565–66 (6th Cir. 2003) (holding that "allegations regarding insufficient library access, standing alone, do not warrant equitable tolling").

[24] *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011); *see also McSwain v. Davis,* 287 F. App'x 450, 456 (6th Cir. 2008) (citations omitted) ("mental incompetence is not a per se reason to toll a statute of limitation); *Price v. Lewis,* 119 F. App'x 725, 726 (6th Cir. 2005) (citations omitted) ("Illness-mental or physical-tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period."); *Nowak v. Yukins,* 46 F.

obtain equitable tolling . . . on the basis of mental incompetence, a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations," meaning the petitioner must show "a causal link between the mental condition and untimely filing."[25] The Fourth Circuit, in a decision the Sixth Circuit has cited with approval, has remarked that equitable tolling will usually apply "only in cases of profound mental incapacity," such as when a petitioner has been institutionalized or adjudicated mentally incompetent.[26] Generally, "an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations."[27] With specific reference to IQ, the Sixth Circuit has held that a low intelligence quotient is not grounds for equitable tolling, absent some showing that a petitioner's intelligence caused him to miss a filing deadline.[28]

Accepting as true Banzant's claim about his IQ, Banzant has only alleged that his intellectual ability prevented him from understanding the significance of counsel's failure to

---

App'x 257, 259 (6th Cir. 2002) (citations omitted) ("The mental incapacity of the petitioner can warrant the equitable tolling of the statute of limitations. The petitioner must make a threshold showing of incompetence, and demonstrate that the alleged incompetence affected [petitioner's] ability to file a timely habeas petition.").

[25] *Ata*, 662 F.3d at 742.

[26] *United States v. Sosa,* 364 F.3d 507, 513 (4th Cir. 2004); *Ata*, 662 F.3d at 741 (citing *Sosa*).

[27] *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002).

[28] *Pinchon v. Myers,* 615 F.3d 631, 641–42 (6th Cir. 2010); *Warren v. Lewis,* 365 F.3d 529, 531, 532 n.2 (6th Cir. 2004) (expressing "grave doubt" that habeas petitioner's 71 I.Q. would justify equitable tolling); *Turner v. Mills,* 219 F. App'x 425, 429 (6th Cir. 2007) (stating in dicta that a petitioner's learning disability and other health issues might make pursuing federal habeas relief "more difficult" but did not completely prevent the petitioner from filing his petition); *see also Green v. Hinsley,* 116 F. App'x 749, 751 (7th Cir. 2004) (equitable tolling did not apply when petitioner failed to present evidence of how his low IQ rendered him incompetent or prevented him from timely filing his petition).

conduct a proper pretrial investigation, make appropriate requests for discovery, and challenge the admissibility of the evidence against Banzant. But nothing in Banzant's filings shows how his intelligence caused him to miss the filing deadline for his § 2255 Motion. For example, Banzant has not explained how he was able to overcome his intellectual limitations and finally file his § 2255 Motion. Banzant's argument is essentially a "blanket assertion of mental incompetence" and therefore "insufficient to toll the statute of limitations."[29]

It is true that Banzant asserts in his motion to show cause that as a result of his intellectual difficulties, he waited for a response from the Clerk of Court to his inquiry about obtaining an official form for his § 2255 Motion, when unbeknownst to Banzant prison officials allegedly destroyed his legal mail. Banzant explains in his declaration (ECF No. 2-1) that on two occasions, both while on lockdown, he wrote to the Clerk of Court to request an official form on which to file his § 2255 motion.[30] According to Banzant, he had no way to check the status of his requests and was simply waiting to hear back from the Clerk of Court. However, Banzant

---

[29] For the same reasons, the Court holds that Banzant is not entitled to an evidentiary hearing on this issue. *Ata*, 662 F.3d at 742 ("Although an evidentiary hearing need not be provided as a matter of right, an evidentiary hearing is required when sufficiently specific allegations would entitle the petitioner to equitable tolling on the basis of mental incompetence which caused the failure to timely file."). Banzant has not requested a hearing, and his conclusory claim of mental incompetence is more similar to the claim of mental incompetence raised by the petitioner in *McSwain v. Davis*.

[30] Banzant's declaration states as follows: "On two occasions during affiant's lockdown at both Pollock and Coleman II, this affiant wrote and mailed two request [sic] to the Federal Clerk's office seeking § 2255 Forms with no means to check the status (s) of these inquiries, and under the belief that affiant's request was merely awaiting procedural consideration." *See* Banzant Decl. ¶ 3 (ECF No. 2-1). The Court finds the declaration to be ambiguous. It is not clear whether Banzant wrote two letters to the Clerk of Court, one while he was held at USP Pollock and the second after he was moved to Coleman, or whether he wrote the Clerk two letters while at Pollock and then two more while at Coleman. In any event, it is clear from Banzant's filings that he was moved from USP Polluck to USP Coleman after the limitations period had run. Therefore, any efforts undertaken by Banzant after his move to USP Coleman were already outside of the statute of limitations.

does not state when he first mailed a letter to the Clerk of Court, how long he waited for a response, when he came to a belief that his mail had not reached the Clerk of Court, or when he finally obtained an official form on which to file his § 2255. Without any facts to establish the circumstances of his correspondence with the Clerk, it is impossible for the Court to find that Banzant acted with reasonable diligence when he waited more than two and a half years to file his § 2255 Motion.

To the extent that Banzant argues his own intellectual limitations required him to seek the assistance of another inmate for help with filing his § 2255 Motion, a lack of legal sophistication and reliance on inmate legal advice "are not sufficient to constitute an extraordinary circumstance and to excuse his late filing."[31] Banzant states in his submissions that during periods of lockdown, he was unable to seek legal advice or help from other inmates in the prison system. However, lack of access to an attorney, much less an inmate law clerk, presents no basis for equitable tolling because a habeas petitioner has no federal constitutional right to counsel to mount collateral attacks on his conviction.[32] Banzant simply had no right to assistance of counsel, jailhouse or otherwise, in filing his federal habeas petition.[33] The Court holds that these circumstances also fail to establish grounds for equitable tolling.

---

[31] *Keeling*, 673 F.3d at 464; *Manning v. Sumlin*, 540 F. App'x 462, 464 (5th Cir. 2014); *United States v. Cicero*, 214 F.3d 199, 204 (D.C. Cir. 2000); *Paige v. United States*, 171 F.3d 559, 560 (8th Cir. 1999); *Tacho v. Martinez,* 862 F.2d 1376, 1381 (9th Cir. 1988); *Walker v. Graham*, 955 F. Supp. 2d 92, 103 (E.D.N.Y. 2013); *Hamilton v. Warden of Clinton Corr. Facility*, 473 F. Supp. 2d 779, 781 (S.D.N.Y. 2008); *Henderson v. Johnson*, 1 F. Supp. 2d 650, 655 (N.D. Tex. 1998).

[32] *See Coleman v. Thompson*, 501 U.S. 722, 752 (1984), *abrogated on other grounds by Martinez v. Ryan*, 132 S. Ct. 1309 (2012); *Johnson v. Avery*, 393 U.S. 483, 488 (1969).

[33] *Lawrence v. Florida,* 549 U.S. 327, 336–37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where

As his final factual basis for equitable tolling, Banzant cites his trial attorney's delay in responding to his request for evidence related to Banzant's case. Once again Banzant fails to show when he first contacted counsel, what specific information he requested from counsel, or how the information was necessary for the preparation of Banzant's § 2255 Motion. Without these facts Banzant has not shown that he acted with reasonable diligence to get the information before the limitations period expired. In point of fact, Banzant had no right to have his attorney "to supply him with any and all documents the defendant requests for the sole purpose of hunting through them for issues that may be raised in an as-yet filed collateral challenge to the conviction" at all.[34] It follows that counsel's delay in turning over his case file to Banzant cannot be grounds for equitable tolling. Furthermore, there are no facts in the Banzant's submissions to imply that Banzant's attorney abandoned him or gave him erroneous advice about the filing deadline.[35] The Court concludes then that these facts do not support the application of equitable tolling.

Finally, Banzant contends that the statute of limitation under 28 U.S.C. § 2255(f) is unconstitutional because it does not afford a movant sufficient time to prepare and file a motion to vacate sentence. Banzant's argument is simply another gloss on the familiar argument that AEDPA violates the Suspension Clause of the United States Constitution. "The Constitution mentions habeas relief only in the Suspension Clause, which specifies that 'the Privilege of the Writ of *Habeas Corpus* shall not be suspended, unless when in Cases of Rebellion or Invasion

---

prisoners have no constitutional right to counsel."); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

[34] *United States v. Cook*, 3 F. App'x 449, 451 (6th Cir. 2001).

[35] *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) ("*Holland* held that egregious cases involving an attorney's failure to satisfy professional standards of care may constitute extraordinary circumstances.") (citing *Holland v. Florida*, 560 U.S. 631 (2010)).

14

the public Safety may require it.'"[36] The Sixth Circuit has held that AEDPA's one-year statute of limitations "does not improperly suspend the writ of habeas corpus" or run afoul of a habeas petitioner's constitutional rights.[37] Therefore, Banzant's argument on this point lacks merit.

Having concluded that Banzant is not entitled to equitable tolling, the Court need not reach the merits of his § 2255 Motion. Banzant's late-filed Motion is barred by the one-year statute of limitations. Therefore, the § 2255 Motion is **DISMISSED**.

**III. Appeal Issues**

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."[38] No § 2255 movant may appeal without this certificate. The COA must indicate the specific issue(s) that satisfy the required showing.[39] A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

---

[36] *Montgomery v. Louisiana*, 136 S.Ct. 718, 747 (2016) (Thomas, J., dissenting) (quoting Art. I, § 9, cl. 2).

[37] *Hill v. Dailey*, 557 F.3d 437, 438 (6th Cir. 2009) (citing *Tucker v. Stine*, 31 F. App'x 184, 185 (6th Cir. 2002) (per curiam); *Saylor v. Mack*, 27 F. App'x 321, 323 (6th Cir. 2001)); *see also Suspended Justice: the Case Against 28 U.S.C. § 2255's Statute of Limitations*, 129 Harv. L. Rev. 1090, 1105 (2016) ("Since the passage of AEDPA, courts of appeals have rejected arguments that § 2255(f)'s statute of limitations constitutes a Suspension Clause violation and that prisoners have access to § 2241 petitions once the § 2255 statute of limitations has run.").

[38] 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).

[39] 28 U.S.C. §§ 2253(c)(2) & (3).

encouragement to proceed further."[40] A COA does not require a showing that the appeal will succeed.[41] Courts should not issue a COA as a matter of course.[42]

In this case, for the reasons previously stated, the issue raised by Banzant lacks merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. Therefore, the Court **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions.[43] Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).[44] Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.[45] However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.[46]

---

[40] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

[41] *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011).

[42] *See Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

[43] *See Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).

[44] *Id.* at 952.

[45] *See* Fed. R. App. P. 24(a)(1).

[46] *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[47]

## CONCLUSION

Banzant's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 was filed outside of the one-year statute of limitations for such motions. Banzant has not shown why he is entitled to equitable tolling of the statute of limitations. Therefore, Banzant's § 2255 Motion is **DISMISSED.**

**IT IS SO ORDERED.**

                                              **s/ S. Thomas Anderson**
                                                S. THOMAS ANDERSON
                                                UNITED STATES DISTRICT JUDGE

                                                Date: June 28, 2016.

---

[47] If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.